Eastern District of Kentucky
TENDERED
Date: 6-6-05
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

Eastern District of Kentucky
FILED
JAN 09 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 05-32-DCR

UNITED STATES OF AMERICA . . . . . . . . . . . . . . . . . . . . . . . PLAINTIFF

V.             **PLEA AGREEMENT**

DENVER SIZEMORE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11, the Defendant will enter a guilty plea to Counts 2-8, 11, 13, 14, and 15 of the Indictment, charging a violations of 21 U.S.C. §841(a)(1), 853 and 18 U.S.C. §924(c), 924(d)(1) and 2. The United States will move at sentencing to dismiss Count 1.

2. The essential elements of Counts 2-8 are:

    (a) aided and abetted by others, did distribute or possess with intent to distribute;

    (b) a measurable quantity of a mixture or substance;

    (c) containing cocaine, a schedule II controlled substance.

The essential elements of Count 11 are:

    (a) That the defendant committed the crime alleged in Counts 6, 7, and 8;

    (b) That the defendant knowingly carried a firearm as described in the indictment during and in relation to the defendant's drug trafficking crime alleged in Counts 6,7, an 8.

Counts 13, 14, and 15 are forfeiture counts.

45

3. As to Counts 2-8, 11, 13, 14, and 15, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The Kentucky State Police and FBI utilized a confidential source to purchase a total of approximately nineteen (19) ounces or 538.65 grams of a mixture or substance containing cocaine for evidentiary purposes, from Denver Sizemore of 13616, US Hwy. 421, Manchester, Kentucky. The dates and amounts of the transactions are as follows: May 27, 2004 / 1.94 ounces; June 3, 2004 / 2.06 ounces; June 10, 2004 / 3.2 ounces; August 5, 2004, approximately five (5) ounces and August 11, 2004, approximately seven (7) ounces. During the transactions on June 10, 2004, August 5, 2004, and August 11, 2004, physical surveillance was conducted on Sizemore. All money utilized to purchase this cocaine from Sizemore was photocopied for identification purposes at a later date.

    (b) On August 10, 2004, the United States Magistrate Judge J.B. Johnson, Jr., issued a search warrant for the residence and property of Denver Sizemore of 13616 North US Highway 421 Manchester, Kentucky. In the master bedroom (room #4) agents opened a closet door behind the bed and discovered in plain view a strong odor of marijuana emanating from the closet. In a tool box in the same closet, FBI Special Agent Henze and Lieutenant Vic Brown discovered multiple bags containing white residue and one bag containing cocaine. Special Agent Henze further found a black trash bag in the same closet containing approximately 3 pounds of marijuana.

    (c) Sizemore admitted to the agents that he had purchased from Eugene Lewis and sold to others cocaine on previous occasions totaling approximately 96 ounces or 2.7 kilograms including the seven (7) ounces of cocaine on August 11, 2004.

    (d) On August 11, 2004, the defendant, Sizemore delivered a quantity of cocaine to the residence of the CS driving a Jeep Cherokee. Shortly, thereafter agents searched the automobile and discovered a Browning .380 caliber pistol in the console which was fully loaded.

4. The maximum statutory punishment is imprisonment for Counts 2-8 is not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. As to Count 11, not less than 5 years consecutive to the drug offenses. As to Counts 13, 14, and 15 forfeiture of all assets. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of ~~the entry of the plea.~~ sentencing. DCR

5. The United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, ~~2002~~ 2004, manual, will determine the Defendant's guideline range. *[handwritten: RV D.A.]*

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes 2.7 kilograms of cocaine.

    (c) Pursuant to U.S.S.G. §2D1.1, the base offense level is 28.

    (d) Pursuant to U.S.S.G. §2K2.4, the guideline sentence for Count 11 is determined by statute which is 5 years consecutive to the drug offense.

    (e) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty. This recommendation is made provided Defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and Defendant will not be allowed to withdraw his plea.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2, 4A1.3 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

9. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

10. The United States will recommend releasing the Defendant on the current bond for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant will forfeit to the United States all interest in property listed in Counts 13, 14, and 15 and will execute any documents necessary for this forfeiture.

12. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY

Date: 6/6/05

By: _____
Stephen C. Smith
Assistant United States Attorney

Date: 6/6/05

_____
Denver Sizemore
Defendant

Date: 6/6/05

_____
Nick Vaughn, Esq.
Attorney for Defendant

APPROVED, this 9th day of January, 2006.

_____
DANNY C. REEVES, JUDGE